Gertrude GOROD, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 76–3254–C, 76–3432–C and 77–976–C.

United States District Court, D. Massachusetts.

April 15, 1980.

Gertrude Gorod, pro se.

Bruce A. Singal, Boston, Mass., Gerald C. Miller, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant in all cases.

Claire Fallen, Tax Division, Dept. of Justice, Washington D. C., for defendant in Case No. 76–3432–C.

MEMORANDUM

CAFFREY, Chief Judge.

These are civil actions brought by plaintiff acting pro se. Originally plaintiff named the United States and the Internal Revenue Service as parties defendant. Subsequently an order was entered dismissing the Internal Revenue Service as a party defendant on the grounds that, as an agency of the United States government, it is not separately suable.

In Civil Action No. 76–3432 plaintiff seeks to obtain a refund in the amount of $704.87 for income taxes paid for the calendar year 1973 and a court order for a complete investigation of certain Internal Revenue Service activities. In Civil Action 76–3254 plaintiff seeks a refund in the amount of $760.50 for income taxes paid for the calendar year 1972 and a court order for a complete investigation of certain Internal Revenue Service activities. In Civil Action 77–976 plaintiff seeks to obtain a refund in the amount of $953.70 for income taxes paid for the calendar year 1974 and an order directing that a criminal investigation be conducted into certain Internal Revenue Service activities.

Counsel for the government filed a motion to dismiss or in the alternative to preclude plaintiff from introducing certain evidence as a result of plaintiff's persistent failure to produce documents in response to the Government's requests for production and her failure to answer a number of interrogatories despite a written court order for her to do so. Plaintiff filed a motion for judgment against defendants. Those motions were assigned for hearing at 3:30 p. m. Monday, April 14, 1980.

At 3:30 p. m., when the case was called for argument of the motions, counsel for the United States appeared as did an individual who identified himself as Fred Davis, brother of plaintiff. Mr. Davis informed the Court that his sister Gertrude Gorod was at work at her place of employment last Friday, April 11, 1980 and that a deputy United States Marshal served upon her a notice of deposition for 10:00 a. m., Tuesday, April 15. Mr. Davis further reported that his sister was at her place of employment at 3:30 p. m., April 14 but was "too ill" to appear for the hearing of the motions.

At 10:15 a. m. Tuesday, April 15 counsel for the government appeared in Court and, on the record, advised the Court that the Government had employed a stenographer who was present at 10:00 a. m. to take plaintiff's deposition, and counsel further advised the Court that just before 10:00 a. m. Mr. Davis appeared at the receptionist's office of the United States Attorney and informed the receptionist that plaintiff would not appear for her deposition. An affidavit by the receptionist was also filed in open court.

It appearing to the Court that plaintiff has both refused to answer interrogatories despite a court order and has refused to give her deposition upon proper notice thereof, this Court is of the opinion that pursuant to Rule 37 of the Federal Rules of Civil Procedure, the sanction of dismissal should be applied in all three cases because of plaintiff's persistence over several years in making it impossible to seasonably and reasonably try these cases. For the same reasons an order should enter denying plaintiff's motion for judgment against defendant.

Order accordingly.